IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITSON HUNTER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>HINES GS INTERESTS LLC,<br><br>    Defendant. | Case No. 21-cv-06316-MMC<br><br>**ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED; CONTINUING BRIEFING SCHEDULE AND HEARING ON DEFENDANT'S MOTION TO DISMISS** |

    Before the Court is the Notice of Removal, filed August 16, 2021, by defendant Hines Interests Limited Partnership ("Hines"), erroneously sued as Hines GS Properties LLC.  Having read and considered the Notice of Removal, the Court rules as follows.

    In their complaint, filed in state court on July 7, 2021, plaintiffs, both of whom are former employees of Hines, assert state law claims arising from alleged incidents of racial harassment at the workplace.  Hines, in removing the case to federal court, states "there is complete diversity of citizenship" and "the amount in controversy exceeds the jurisdictional minimum of $75,000."  (See Notice of Removal at 1:22-26); see also 28 U.S.C. § 1332(a)(1) (providing district court has jurisdiction over civil action between "citizens of different States" where amount in controversy exceeds "$75,000, exclusive of interest and costs").

    Hines has not, however, alleged facts sufficient to support a finding that the parties are diverse.[1]  In particular, Hines states it is a "limited partnership," but fails to identify its

---

[1] Although Hines appears to base the amount in controversy on plaintiffs' annual salaries, neither plaintiff alleges he was terminated by defendants, nor is there any other allegation from which an economic loss can be calculated.  Nevertheless, given the nature and length of the alleged harassment, a reasonable estimate of noneconomic damages would appear to meet the statutory requirement.  See Singer v. State Farm Mutual Automobile Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (holding requisite amount in controversy satisfied where "it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy").

general partners and limited partners, let alone set forth the citizenship of the State or States of each general partner and limited partner. See Carden v. Arkoma Associates, 494 U.S. 185, 192, 195-96 (1990) (holding limited partnership is citizen of every state of which its general partners and limited partners are citizens). In the absence of such allegations, the notice of removal is deficient. See, e.g., Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 Fed Appx. 62, 64 (9th Cir. 2011) (holding notice of removal deficient where defendant limited partnership "fail[ed] to state the citizenship of the partners").

Accordingly, Hines is hereby DIRECTED to show cause, in writing and no later than September 10, 2021, why the above-titled action should not be remanded for lack of subject matter jurisdiction.

Lastly, with regard to Hines's motion to dismiss, filed August 23, 2021, although plaintiffs' opposition thereto ordinarily would be due no later than September 7, 2021 (see Civil L.R. 7-3(a); Fed. R. Civ. P. 6(a)(1)(C)), that deadline is hereby EXTENDED, and the hearing date on Hines's motion, presently October 1, 2021, is hereby CONTINUED, the particular dates to be reset, if necessary, after resolution of the above-referenced jurisdictional issue.[2]

**IT IS SO ORDERED.**

Dated: August 24, 2021

MAXINE M. CHESNEY
United States District Judge

---

[2] In its motion, Hines argues plaintiffs' claims, to the extent brought under the Fair Employment and Housing Act ("FEHA"), are subject to dismissal for failure to exhaust administrative remedies. As, under FEHA, a failure to exhaust administrative remedies "does not implicate the trial court's fundamental subject matter jurisdiction," see Rodriguez v. Airborne Express, 265 F.3d 890, 900 (9th Cir. 2001), the Court cannot consider the issue of exhaustion unless and until Hines establishes the Court has subject matter jurisdiction over the action, see, e.g., James v. United Furniture Workers Local 89262, 2021 WL 3616776, at *7-*10 (N.D. Cal. August 16, 2021) (considering merits of argument plaintiff failed to exhaust administrative remedies available under FEHA after first determining court had subject matter jurisdiction over complaint).