IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITSON HUNTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HINES INTERESTS LP,<br><br>    Defendant. | Case No. 21-cv-06316-MMC<br><br>**ORDER REMANDING CASE** |

By order filed August 24, 2021, the Court directed defendant Hines Interests Limited Partnership ("HILP") to show cause why the above-titled action should not be remanded for lack of subject matter jurisdiction, specifically, for lack of diversity between HILP and the two plaintiffs, Whitson Hunter and D'Hante Jackson.[1]

Now before the Court is HILP's "Response to Order to Show Cause Re Diversity Jurisdiction," filed September 8, 2021. Having read and considered the response, the Court rules as follows.

In its notice of removal, HILP, a "privately held limited partnership" (see Notice of Removal ¶ 9), asserts that both plaintiffs are citizens of California (see id. ¶ 8). As noted in the Court's order to show cause, however, the notice of removal does not identify the state or states of which HILP is a citizen, as it includes no facts identifying the citizenship of each of its general and limited partners. See Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990) (holding citizenship of limited partnership "depends on the citizenship

---

[1] On August 16, 2021, HILP removed the case, asserting diversity jurisdiction existed.

of all the members") (internal quotation and citation omitted).

In its response, HILP asserts its "limited partnership interests are owned by two privately held limited partnerships, Hines Global Real Estate Holdings LP ('HGREH'), a Delaware limited partnership, and Hines Real Estate Limited Partnership ('HREH'), a Texas limited partnership," and that it has one "general partner, Proj II – Business GP LLC ('Proj II GP')," which, in turn, is "owned by HGREH." (See Def.'s Response at 3:3-9.) In short, each of HILP's members/partners is itself a limited partnership or limited liability corporation.

HILP has not, however, provided any information as to the citizenship of those entities. Rather, HILP only asserts that each of its members/partners has its principal place of business in Texas (see id. at 3:10-11), an irrelevant fact for purposes of establishing citizenship of a limited partnership. See Carden, 494 U.S. at 189 (noting limited partnership "may not be deemed a 'citizen' under the jurisdiction rule established for corporations"). Consequently, HILP, having failed to show the citizenship of HILP's general and limited partners, has failed to establish diversity of citizenship.

Accordingly, the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of Alameda.

**IT IS SO ORDERED.**

Dated: September 15, 2021

MAXINE M. CHESNEY
United States District Judge